UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CLIFFORD OSBORNE, ET AL.** | **CIV. ACTION NO. 3:20-00208** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KEVIN BELTON** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 25] filed by Defendant Kevin Belton. For reasons detailed below, it is recommended that the motion be DENIED.

## Background

On February 17, 2020, Plaintiffs Clifford Osborne, III, and Deborah Olsen filed the instant complaint against Defendant Kevin Belton for declaratory and injunctive relief, compensatory and punitive damages, plus attorneys' fees and costs, pursuant to the Fair Housing Amendments Act, 42 U.S.C. § 3601, *et. seq.*, and the Louisiana Equal Housing Opportunity Act, Louisiana Revised Statute § 51:2606. (Compl.). Plaintiffs alleged that Osborne is an individual with developmental and other disabilities who required the use of an assistance dog. *Id*. Per the Complaint:

> [o]n March 7, 2018, Plaintiffs signed a month-to-month lease for a single-family home located at 223 Talbot Street, Jonesboro, Louisiana, (hereinafter referred to as the "Property"). The Property is a dwelling subject to the Fair Housing Act, 42 U.S.C. § 3602(b) and subject to no exception under 42 U.S.C. § 3603(b). The Property is owned and managed by Defendant Kevin Belton.
>
> During the lease signing, Plaintiff Osborne informed Defendant Belton that he kept a dog as an assistance animal. Defendant stated that he would temporarily make an exception to his no-pets policy to allow Mr. Osborne to keep the dog on a short-term basis.
>
> At all times relevant to this Complaint, Plaintiffs timely paid their rent and the lease reconducted on a month-to-month basis.

(Compl., ¶¶ 9-11).

In the Spring of 2018, Belton notified Osborne that he could no longer keep his support animal on the premises. *Id.*, ¶ 12. In late July 2018, however, Belton observed the animal in the Property's yard, whereupon Belton transported the dog out of town and abandoned it. *Id.*, ¶¶ 15-17. Fortunately, the dog managed to find its way back to its owner, Osborne. *Id.* When Belton again observed the dog on premises in late August 2018, he confronted Osborne and threatened him with violence and eviction. *Id.* On October 4, 2018, Belton evicted Plaintiffs because they had violated Defendant's prohibition on pets. *Id.*, ¶ 19.

Belton executed a waiver of service for this suit, but then failed to file a responsive pleading within the extended deadline afforded by the waiver. (Waiver of Service [doc. # 8]). Accordingly, on June 22, 2020, Plaintiffs obtained a Clerk's entry of default against Belton. (Clerk's Entry of Default [doc. # 11]). Over one year later, on June 29, 2021, Plaintiffs filed a motion to confirm default judgment against Belton. [doc. # 13]. On July 21, 2021, however, Belton filed a motion to set aside the entry of default, which the District Court granted and concomitantly denied the motion for default judgment as moot. *See* doc. #s 18, 22.

On August 6, 2021, Belton filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Belton contends that he does not own more than three single family houses, and, therefore, that he is exempt from coverage under the Fair Housing Amendments Act and the Louisiana Equal Housing Opportunity Act. Belton argued that the onus was on Plaintiffs to allege facts in the complaint to show that he owned more than three single family units, but they failed to do so.

On August 30, 2021, Plaintiffs filed their opposition to the motion to dismiss, wherein they argued, *inter alia*, that Defendant's motion was untimely, that the exemptions were inapplicable, and that, in any event, the exception(s) at issue is an affirmative defense for which defendant bears the

2

burden of proof.[1] Finally, Plaintiffs adduced records from the tax assessor's office to show that Belton, in fact, owned more than three single-family homes used for rental income.[2]

Belton filed his reply brief on September 7, 2021, wherein he asserted that his motion was timely. (Reply Brief [doc. # 31]). He further argued that Plaintiffs failed to set forth facts, rather than conclusory allegations, to show that the exceptions and exemptions to liability under the Fair Housing Amendments Act and the Louisiana Equal Housing Opportunity Act were inapplicable. In addition to Plaintiffs' alleged failure to demonstrate that he owned more than three single-family rental houses, Belton stated that Plaintiffs did not include facts to overcome the exemption that applies for single-family houses that are rented via an agent, broker, or the like, and that are not publicly advertised. *See* 42 U.S.C. § 3063(b)(1). The matter is ripe.

## Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

---

[1] The Clerk of Court issued Plaintiffs a deficiency notice because they did not include a table of contents and table of authorities as required by Local Rule 7.8. (Notice of Deficient Document [doc. # 28]). Plaintiffs have since corrected the deficiency. *See* Corrective Document [doc. # 32].

[2] Plaintiffs also took issue with the Court's decision to set aside the entry of default without affording them an opportunity to submit a response. That ship, however, has sailed and is not before the undersigned.

*Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at

4

1958).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## Analysis

As an initial matter, Plaintiffs have not adduced any binding authority to establish that Defendant's motion to dismiss is untimely. Accordingly, the court declines Plaintiffs' invitation to deny the motion on that basis.

Instead, a much surer footing for the disposition of the pending motion is Plaintiffs' argument that exemptions under the Fair Housing Act, including the so-called "Mrs. Murphy" exemption, constitute affirmative defenses. *See United States v. Space Hunters, Inc.*, 429 F.3d 416, 426–27 (2d Cir. 2005) (courts have consistently characterized exemptions to the FHA as affirmative defenses); *Ho v. Donovan*, 569 F.3d 677, 682 (7th Cir. 2009) (§ 3603(b) is captioned "Exemptions," which makes it an affirmative defense); *Monus v. Riecke*, Civ. Action No. 21-218, 2021 WL 1721010, at *4 (E.D. La. Apr. 30, 2021) (§ 3603(b) exemptions constitute affirmative defenses for which defendant bears the burden of proof).[3]

---

[3] The Louisiana Equal Housing Opportunity Act characterizes the Fair Housing Act "exemptions" as "exceptions," but the language otherwise is the same.

Because the exemptions and exceptions invoked by Defendant represent affirmative defenses, Plaintiffs need not plead facts to overcome them. *See Jones v. Bock,* 549 U.S. 199, 216; 127 S.Ct. 910, 921; (2007) (exhaustion is an affirmative defense that plaintiffs need not specifically plead in their complaints); *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006) (plaintiff's pleadings need not identify elements that relate to affirmative defense). Rather, it is defendant who bears the burden of pleading an affirmative defense. *See Gomez v. Toledo*, 446 U.S. 635, 640; 100 S.Ct. 1920, 1924 (1980) (citing *inter alia*, FED. R. CIV. P. 8(c)).[4]

Although dismissal under Rule 12(b)(6) sometimes may be premised upon a successful affirmative defense, that defense must appear on the face of the complaint. *EPCO, supra*. Here, the Complaint does not establish the elements of the exemptions and exceptions claimed by Defendant. To the contrary, it denies them. Accordingly, Defendant has not met his burden.

Finally, Defendant cannot argue in good faith that the Complaint does not set forth sufficient facts to put him on notice of the claims against him. Any such argument is belied by the fact that he managed to file an Answer that denied the claims against him. *See* Answer.

## Conclusion

Relying upon judicial experience and common sense, the court finds that Plaintiff=s complaint states plausible claims for relief under the Fair Housing Amendments Act, 42 U.S.C. § 3601, *et. seq.*, and the Louisiana Equal Housing Opportunity Act, Louisiana Revised Statute § 51:2606, sufficient to afford Defendant fair notice of the claims against him, along with the reasonable *expectation* that discovery will reveal relevant evidence for each of the elements of the claim. *Twombly, supra*. Under these circumstances,

---

[4] Defendant has since filed an answer to the complaint that included as affirmative defenses the exemptions and exceptions he raised in the present motion. *See* Answer [doc. # 30].

IT IS RECOMMENDED that Defendant Kevin Belton's motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 25] be DENIED.

Under the provisions of 28 U.S.C. '636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 10th day of September, 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE